UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
WILMINGTON TRUST, NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY
IN ITS CAPACITY AS TRUSTEE OF MFRA TRUST
2014-2
         *Plaintiff,*

   -against-

HARRY PEARSON; THE BOARD MANAGERS OF
15 WILLIAM STREET CONDOMINIUM; NEW YORK
CITY ENVIRONMENTAL CONTROL BORAD; "JOHN
DOE" AND "JANE DOE", said names being fictitious,
it being the intention of plaintiff to designate any and all
occupants of premises being foreclosed herein,

         *Defendants.*
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/2018

18 Civ. 4845 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 14, 2018, Plaintiff, Wilmington Trust, brought this action against Defendants, Harry Pearson, The Board of Managers of 15 William Street Condominium ("15 William Street Condo Board"), New York City Environmental Control Board ("NYCECB"), John Doe, and Jane Doe, in the Supreme Court of the State of New York, County of New York, seeking to foreclose a mortgage on 15 William Street, Unit 20C, New York, NY 10004.

On June 1, 2018, Harry Pearson ("Removing Defendant"), a citizen of Colombia, acting solely on his behalf, removed the action to this Court, based on diversity. ECF 1 ("Notice of Removal"). On July 2, 2018, Plaintiff moved to remand the action to the State Court. ECF 4. Removing Defendant opposed the motion, ECF 6, and sought to dismiss the action against him for the supposed failure to serve Removing Defendant within the time limit provided under Fed. R. Civ. P. § 4(m), ECF 7.

1

On August 8, 2018, the Court held a pre-motion conference. The Court notified the parties that, if the non-nominal defendants had been served before removal, the Court was inclined to remand the action to the State Court because, under 28 U.S.C. § 1441(b)(2), a civil action cannot be removed to this Court "if any of the parties in interest properly joined and served as defendants is a citizen of" the New York State, or, alternatively, because not all defendants had consented to removal. The Court directed Plaintiff to demonstrate, by August 15, 2018, that all non-nominal defendants had been served at the time of removal, and directed Removing Defendant to establish, by August 15, 2018, that the removal was proper.

On August 15, 2018, Plaintiff submitted two affidavits of service, demonstrating that Plaintiff served the non-nominal defendants—NYCECB and 15 William Street Condo Board— on April 4 and April 16, 2018, respectively. *See* ECF 11-1; 11-2 (affidavits of service). Removing Defendant, on the other hand, failed to submit anything.

## DISCUSSION

For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

### I. Forum Defendants

28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This "forum defendant rule" is applicable here. Removal was based solely on diversity. *See* Notice of Removal, ¶ 46. Further, NYCECB and 15 William Street Condo Board are citizens of the New York State in which this action was originally brought, *see id.* ¶¶ 32–46, and they were properly joined and served prior to the filing of the removal motion on June 1, 2018, *see* ECF 11-1; 11-2.

2

Accordingly, under 28 U.S.C. § 1441(b)(2), this action "may not be moved" to this Court. The action must be remanded to the New York State Supreme Court, County of New York, where the action was originally filed.

## II. Lack of Unanimity

In this Circuit, district courts "have consistently interpreted the [removal] statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). "Although [the Second Circuit has] not yet advised what form a consent to removal must take," it has agreed that the defendants who did not join a notice of removal "must independently express their consent to removal." *Id.*

"Three exceptions to the rule of unanimity have, however, been recognized, permitting a removing defendant to forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely [a] nominal or formal part[y]; or (3) is not subject to the removed claim[, which] is a separate and independent claim [from those asserted against the non-consenting defendant] as defined by 28 U.S.C. § 1441(c)." *Heller v. New York City Health & Hosps. Corp.*, 2010 WL 481336, at *2 (S.D.N.Y. 2010).

Here, defendants NYCECB and 15 William Street Condo Board have not independently consented to the removal; and these defendants have not appeared before this Court. Further, none of the three exceptions to the rule of unanimity applies. *First*, both NYCECB and 15 William Street Condo Board had been served at the time the notice of removal was filed. *See* ECF 11-1; 11-2 (affidavits of service). *Second*, neither NYCECB nor 15 William Street Condo Board is a nominal or formal party. *Third*, both NYCECB and 15 William Street Condo Board are subject to the removed claim. *See* ECF 1-1.

3

Accordingly, under the rule of unanimity, the action is remanded to the New York State Supreme Court, County of New York.

## **CONCLUSION**

For the foregoing reasons, the motion to remand the action to the New York State Supreme Court, County of New York, is granted.

The Clerk of the Court is directed to close the pending motions at ECF 4, 6, and 7, and remand the action to the New York State Supreme Court, County of New York, where the action was originally filed.

Dated: New York, New York
August 16, 2018

SO ORDERED

PAUL A. CROTTY
United States District Judge